## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **THE LASALLE GROUP, INC.** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **Civil No. 1:11CV377HSO-RHW** |
| | § | |
| **GRAY INSURANCE COMPANY** | § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER DENYING
### DEFENDANT'S MOTION TO DISMISS AND STAYING CASE

THIS CAUSE COMES BEFORE THE COURT upon the Motion of

Defendant Gray Insurance Company filed November 18, 2011 [4], to Dismiss the

above styled and numbered civil action pursuant to FED. R. CIV. P. 12(b)(6).

Plaintiff Lasalle Group, Inc., filed  a Response in Opposition [8], on December 15,

2011, and Gray filed a Rebuttal [10], on December 21, 2011.   The Court, having

considered the pleadings on file, the briefs and arguments of the parties, and the

relevant legal authorities, finds that because related, and perhaps potentially

dispositive litigation, is currently pending in the Wayne County, Michigan, Circuit

Court, Gray's Motion to Dismiss should be denied without prejudice, with leave to

reassert, and that this case should be stayed.

### I.  FACTS AND PROCEDURAL HISTORY

In 2008, Lasalle Group, Inc. ["Lasalle"], a general contractor, was awarded a

contract for construction of the New Northwest Elementary School, located in

Gulfport, Mississippi.  On or about June 24, 2008, Lasalle entered into a

Subcontract with Lambert Backhoe & Dozer ["Lambert"] to perform the excavating

-1-

work associated with the project. Subcontract [1-2], att. as Ex. "A" to Compl. Lambert obtained a performance bond from Gray Insurance Company ["Gray"] in the amount of $790,567.00, to ensure performance and completion of the Subcontract.  Performance Bond [1-3], att. as Ex. "B" to Compl.  To ensure payment of all labor, materials, and equipment furnished in connection with the Subcontract, Lambert further obtained a payment bond from Gray, also in the amount of $790,567.00. Payment Bond [1-4], att. as Ex. "C" to Compl.

Based upon numerous asserted performance and supply issues, Lasalle issued a Cancellation of Contract on January 26, 2010, advising Lambert that it was terminating the Subcontract.  Lasalle contends that, as a result of Lambert's failure to perform,  it was forced to hire and pay another subcontractor to satisfactorily complete excavation work which was part of its original Subcontract with Lambert.

Lasalle filed this lawsuit on October 11, 2011.  In Count I, it alleges that Gray breached its obligations under the performance bond.  Compl. [1], ¶¶ 30-38, at pp. 5-7.  In Count II, Lasalle seeks recovery of any and all damages incurred as a result of Gray's alleged failure to honor the terms of the payment bond.  Compl. [1], at p. 6.   Gray now moves to dismiss Count II of the Complaint, pursuant to FED. R. CIV. P. 12(b)(6).

## II.  DISCUSSION

A.   Legal Standard

A motion to dismiss under FED. R. CIV. P. 12(b)(6) "is viewed with disfavor

and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). FED. R. CIV. P. 8(a) provides in relevant part that:

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Under FED. R. CIV. P. 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

Gray seeks dismissal of Count II of the Complaint, on the grounds that Lasalle

is not a proper claimant under the payment bond.  Mot. to Dismiss [5] at pp. 3-5.

Specifically, Gray argues that "Lasalle, as the general contractor, is not a claimant as

defined by the bond because it did not have direct contract with Lambert for labor and

material." *Id.* at p. 4.  Lasalle responds that it "was forced to file its payment bond

claim against Gray in order to preserve this claim." Resp. to Mot. to Dismiss [8], at p.

6.  Lasalle notes that related litigation, which includes the dispute over the payment

of suppliers by Lambert, is pending in the Wayne County, Michigan, Circuit Court.

In resolving the present Motion, the Court finds it important to consider this case in

the context of the related litigation.

B.     Procedural History and Posture of Related Cases

       *Lambert Backhoe & Dozer Service v. Travelers Casualty & Surety Company of*

*America*, Civil Action No. 1:11cv121 LG-RHW, was filed in this Court on March 25,

2011. At issue was a payment bond agreement between Defendant Travelers Casualty

& Surety Company of America and the LaSalle Group, Inc., in its capacity as the

general contractor for the New Northwest Elementary School Project.    *Lambert*

implicated the Subcontract agreement to perform excavation and site utility work on

the school construction project.   In that case, Travelers filed a Motion to Stay

Proceedings on June 15, 2011, relying on three related cases:

   (A) *Lambert Backhoe & Dozer Service v. Lasalle Group, Inc.*, Cause No.
   A2401-2010-00302, which was filed in the Circuit Court of Harrison
   County, Mississippi, First Judicial District. On March 4, 2011, Harrison
   County Circuit Judge John Gargiulo granted Lasalle's Motion to Dismiss
   filed pursuant to FED. R. CIV. P. 12(b)(3), for improper venue, based upon
   his finding that a valid form selection clause existed which required the
   parties to litigate the issues in Michigan.  Order [8-1], att. as Ex. "1" to

-4-

Mot. to Stay [8] filed in *Lambert Backhoe & Dozer Service v. Travelers Casualty & Surety Company of America*, Civil Action No. 1:11cv121;

(B) *Freddi Pendleton d/b/a/ Tiger Masonry v. Lasalle Group, Inc.*, Civil Action No. 1:10cv105HSO-JMR, wherein Lasalle filed an unopposed Motion to Dismiss for Improper Venue [13], because "the Michigan District Court has determined that the Wayne County Circuit Court in Michigan is the proper venue for resolving the claims between Tiger and LaSalle, . . . venue is proper in the District Court of Michigan." This Court entered an Agreed Final Judgment of Dismissal [15] of *Pendleton* on January 7, 2011; and

(C) *Tiger Masonry, Inc. v. Travelers Casualty & Surety Company of America*, Civil Action No. 1:10cv485HSO-JMR, which was removed to this Court from the Harrison County Circuit Court, First Judicial District, Mississippi, [Cause No. A2401-2010-276] on October 1, 2010. At issue there was a payment bond, issued by Travelers to Tiger Masonry for work on Northwest Elementary School project. The Court granted Travelers' Motion to Stay Proceedings based upon related Michigan litigation, by Order [23] entered on April 22, 2011. On May 8, 2012, the Court entered an Agreed Order of Dismissal [27], based upon a settlement reached by the parties.

The Court ultimately granted Travelers' Motion to Stay by Order [10] entered on July 6, 2011.

It appears from the record that the Michigan state court litigation is related to the present matter before this Court, and that the resolution of that case could impact the outcome of this proceeding. In order to avoid needless duplication of effort, and in the interests of judicial economy, the Court is of the view that Gray's Motion to Dismiss should be denied without prejudice, and that this matter should be stayed pending resolution of *Lasalle Group v. Lambert Backhoe & Dozer Service, et al.* [1]

---

[1] *Lasalle Group v. Lambert Backhoe & Dozer Service, et al.*, originated as Civil Act. No. 2:11cv12206, in the Eastern District of Michigan. On July 11, 2011,

The Court has reviewed and considered Gray's Motion, together with the procedural history and status of other related cases, and is persuaded that, at this juncture, this case should be stayed, removed from the active docket, and placed on the suspension track. All proceedings in this cause, including motion resolution, additional discovery, and disclosures, will be stayed until further order of the Court.  Upon resolution of the litigation in the Wayne County, Michigan, Circuit Court, the parties must contact United States Magistrate Judge Robert H. Walker to reset the pertinent deadlines in this case.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that Gray's Motion to Dismiss [6], filed pursuant to FED. R. CIV. P. 12(b)(6), should be denied without prejudice, with leave to reassert upon resolution of the related Michigan state court litigation.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion of Defendant, Gray Insurance Company, filed November 18, 2011, to Dismiss [4] Plaintiff's Complaint [1] pursuant to FED. R. CIV. P. 12(b)(6), is **DENIED WITHOUT PREJUDICE**, with leave to reassert once the case is reinstated on the active docket.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that the above captioned cause is **STAYED.**  Within ten [10] days of resolution of the related state court action

---

United States District Judge Bernard Friedman granted Gray's Motion to Dismiss for lack of personal jurisdiction, and granted Lasalle's Motion to Remand to the Wayne County, Michigan, Circuit Court. Order [8-3], att. as Ex. "C" to Pl.'s Resp. to Mot. to Dismiss filed in *Lasalle v. Gray*, 1:11cv377HSO-RHW.

in Michigan, the parties must contact United States Magistrate Judge Robert H. Walker with a status report and/or in order for this matter to be reset on the Court's docket.

**SO ORDERED AND ADJUDGED**, this the 29th day of May, 2012.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE